WILLIAM J. GORMAN, Respondent, *v.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY et al., Appellants.

**Negligence — action for injuries by person not an employee — when competency of defendant's servant immaterial.**

Plaintiff, a passenger on a train of one of the defendants, was injured at a grade crossing in a collision between the train on which he was riding and a freight train operated by the other defendant. These trains were governed at the crossing by signals from one tower. Evidence was given which permitted a jury to find that the towerman was confused in his signals. At the time of the accident the signalman had been on

duty for eighteen hours giving signals for a great number of trains, and in addition discharging other duties. *Held,* that, under these circumstances the jury had a right to say that it might have been anticipated by a railroad company using the crossing that he would become negligent or inefficient, and that proper care was not used in protecting and safeguarding the crossing.

In an action for injuries brought by one other than a co-employee, where the question is whether the defendant itself has used due care, it is immaterial how competent or incompetent the employee may have been through whom it operated. If defendant has exercised due care it is not liable and if it has failed to do so it is liable.

Where a motion to strike out evidence given on cross-examination, in an action for negligence, was not pressed, or ruled upon, and no objections made to further questions on the subject by reason of the statement by the court, acquiesced in by plaintiff's counsel, that " No claim is made that this is one of the items of negligence," it is error for the trial judge to allow the jury to consider such evidence as tending to establish defendant's negligence.

The facts examined and held that, under the circumstances developed at the trial, it was error to permit the jury to find one of the defendants guilty of negligence because it did not employ a system of signals and switches so arranged that, when set at danger against a train, the train would be either derailed or sidetracked before it could reach the crossing.

*Gorman* v. *N. Y., C. & St. L. R. R. Co.,* 122 App. Div. 896, reversed.

(Argued Febuary 16, 1909; decided March 5, 1909.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 19, 1907, affirming a judgment in favor of plaintiff and against both appellants entered upon a verdict and an order denying a motion for a new trial.

The action was brought to recover damages for injuries sustained by respondent while a passenger on a train operated by the South Buffalo Railway Company, caused by its collision with a freight train operated by the other appellant at a grade crossing of the two roads.

The physical situation at and around the crossing was as follows: The tracks of the appellant, The New York, Chicago and St. Louis Railroad Company, run north and south parallel with and a short distance from tracks owned and

operated respectively by the Pennsylvania and Buffalo Creek railroads which are not involved in this action. Two tracks of the Delaware, Lackawanna and Western Railroad Company leased and occupied by the appellant South Buffalo Railway Company running east and west cross the above-mentioned tracks at grade and practically at right angles. In the space included by these three sets of tracks was a signal tower which gave signals for the crossing of all the railroads. This tower was equipped with three sets of signals, one set for each line of tracks, and which consisted of two discs, one white and one red, and all operated by ropes by a signalman in the tower. The red disc displayed to a train on any road indicated that the crossing was occupied and that it must stop, and the white signal indicated the contrary.

The passenger train of the appellant South Buffalo Railway Company on which respondent was riding had stopped at a station a short distance before reaching the crossing, and it is undisputed that it had the safety signal telling it to proceed over the crossing. The train of the other appellant was shifting freight cars. The respondent tried his case on the theory that the danger signal for the crossing was displayed to this latter train at all times, but the fireman of the train testified that at first he received the white signal to go ahead and then when it was too late to stop discovered that the signal had been changed to danger and the collision occurred.

This crosssing was very much used, between three hundred and four hundred trains in the aggregate using it each day. The signal tower operator at the time of the accident had been continuously on duty for eighteen hours.

*Louis L. Babcock* and *Evan Hollister* for New York, Chicago and St. Louis Railroad Company, appellant. It was error for the court to charge the jury that they should consider the testimony that the air brakes on the cars were not connected with the air brake apparatus of the engine in determining the question as to whether ordinary diligence was used in the management of its train. (*Mars* v. *D. & H. C. Co.,*

54 Hun, 625.)  In the absence of any evidence in the case of incompetency on the part of the fireman in charge of the engine, it was error for the court to leave it to the jury to say whether the absence of the engineer from the engine was evidence of negligence on the part of the company in the management of its train, and to refuse to charge the jury that they could not find the fireman incompetent to operate an engine at the time of the accident.  (*Mars* v. *D. & H. C. Co.*, 54 Hun, 625 ; *Streets* v. *G. T. R. R. Co.*, 76 App. Div. 480 ; *Burke* v. *S., B. & N. Y. R. R. Co.*, 69 Hun, 21 ; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 486 ; *White* v. *L. & Y. R. R. Co.*, 94 App. Div. 4 ; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 526 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521.)

*Louis L. Babcock* and *Evan Hollister* for South Buffalo Railway Company, appellant.  The denial of the motion for a nonsuit on the part of the defendant South Buffalo Railway Company, and the submission of the question of negligence of this defendant to the jury, was error. (*Streets* v. *G. T. R. R. Co.*, 76 App. Div. 480 ; *Cox* v. *D. & H. Co.*, 128 App. Div. 363 ; *Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136.)

*Clarence M. Bushnell* for respondent.  It was not error for the court to submit to the jury, in the language used, whether the sending out of a train, with only two men to manage it, and the fact that the air brakes on the cars were not connected with the air brake apparatus of the locomotive, were facts which they might consider under all of the circumstances in determining the question whether ordinary care and diligence was exercised in the management of the train. (*Link* v. *Sheldon*, 136 N. Y. 1.)  The court properly submitted to the jury the question of the negligence of each of the defendants.  (*Stierle* v. *U. Ry. Co.*, 156 N. Y. 684.) The South Buffalo Railway Company was guilty of negligence in transporting passengers over this crossing, con-

structed and equipped as it was at the time of the accident. (*Hageman* v. *W. R. R. Co.*, 13 N. Y. 9; *Baruth* v. *P. C. & W. F. E. R. R. Co.*, 89 App. Div. 324.)

HISCOCK, J.    On the facts included in the foregoing statement and such others as appear in the record, the respondent was entitled to have his cause submitted to the jury as against both appellants.

This is hardly disputed in the case of the New York, Chicago and St. Louis Railroad Company, and we do not regard any discussion necessary on that point with respect to that appellant.    While a cause of action for the consideration of the jury as against the other appellant was less conspicuously established, we think one was made out.    Although the respondent by his evidence at all times insisted that the collision was caused by the disobedience or disregard by the fireman on the New York, Chicago and St. Louis Railroad of the danger signal given to him, this fireman gave evidence which permitted a jury to find that the towerman was confused in his signals, first giving him one of safety and then one of danger.    All of the roads including this appellant, the South Buffalo Railway Company, relied on and made general and joint use of this tower for signals for the crossing which they all used, and the safety of which they were all bound to guard, and each one must, therefore, be held liable for the proper operation of the tower.    The signalman on duty at the time of the accident had been there for eighteen hours giving signals for a great number of trains, and in addition discharging other duties, and under these circumstances we think that the jury had a right to say, if they so desired, that it might have been anticipated that he would become negligent or inefficient, and that the appellant, the South Buffalo Railway Company, was not exercising a proper degree of care in protecting and safeguarding its crossing.

Passing by this question involving the existence of a cause of action, we are presented with many allegations of error in behalf of each appellant relating to the exclusion and admis-

sion of evidence and to the instructions given by the trial judge.   Owing to the different situation, rights and responsibilities of the appellants, respectively, the trial of the action was necessarily somewhat complicated, and some errors were not unnaturally committed which require a reversal of the judgment as to each appellant.   We shall not discuss those criticisms upon the conduct of the trial which, in our judgment, are not well founded, but shall simply consider so many of said criticisms as do suggest substantial errors, taking up first the case of the New York, Chicago and St. Louis Railroad Company.

The trial judge permitted the jury to say that this appellant's fireman who was operating the freight train was incompetent as constituting a ground of negligence.   We have much doubt whether there was any evidence permitting the jury to say that the fireman was incompetent to perform the general duties being discharged by him at the time of the accident, but if he was, incompetency was no part of respondent's cause of action.   Said appellant was bound to run its train with reasonable care and caution and for that purpose to obey the signals given by the towerman, and the requirements of the statute.   If the fireman failed in these requirements and as the result thereof the appellant ran its train into collision with the other train, it is liable no matter how competent the fireman may have been.   On the other hand, if the defendant operated its train with due regard to signals and with reasonable care, it is immaterial how incompetent the fireman may have been.   This is not an action by a co-employee but it is an action by a third party where the question is whether the appellant itself has used proper care, and if it has done this it is not liable, and if it has not done it, it is liable no matter how competent the employee through whom it operated may have been.

What we have said on this point will bear on certain instructions given to the jury whereby apparently the latter were permitted to find this appellant guilty of negligence because of the temporary absence of the engineer from the

engine when taken in connection with the alleged incompetency of the fireman. But we do not intend to hold that it was not permissible to allow the jury to consider under all of the circumstances as bearing on this appellant's negligence the fact that its freight train was being operated by only two men without the airbrakes on any of the cars being properly coupled up for use.

The respondent on the cross-examination of this appellant's fireman brought out testimony tending to show that one of the pipes on his engine was broken at the time of the collision so that he could not apply sand for the purpose of stopping the engine more quickly. He almost stopped the engine before the collision without the use of this sand and, therefore, this evidence assumed considerable importance. The counsel for the appellant moved to strike out this testimony and counsel for the respondent then stated that he was going to ask the witness what he testified to on this question before the coroner and as testing his recollection. Thereupon the court said, " No claim is made that this is one of the items of negligence," and the counsel for the respondent stated, " No, sir, none whatever." Upon this statement the motion to strike out the testimony was not pressed or ruled on and no objection was made to further questions on this subject. Notwithstanding this the trial judge, in spite of the objection and exception of counsel, allowed the jury to consider this evidence as tending to establish appellant's negligence. This, of course, was manifest and substantial error and was undoubtedly due to inadvertence on the part of the trial judge and to the manifest difficulty of recollecting all that had occurred on the trial.

Taking up the case of the other appellant, it appears that some evidence was introduced of the use at grade crossings of systems of interlocking signals and switches so arranged that the signal when set at danger against a train opened a switch and either derailed or sidetracked the train before it could reach the crossing, and the jury was in substance, amongst other things, permitted to find the South Buffalo Railroad

Company guilty of negligence because it did not employ some such device at the crossing in question. This was error under all of the circumstances developed on the trial. So far as the evidence presented in this record discloses, in the employment of such a system, the derailing device would not be put into operation against a train unless the danger signal was set against such train. If the signal was set at safety the train would not be derailed or stopped. There is no question that the safety signal was set for the train on this road at all times and on the evidence as presented it is fair to assume that if such a device as has been mentioned had been in use the safety signal would in similar manner have been set and the train allowed to proceed on to the crossing.

For these reasons the judgment appealed from should be reversed and a new trial granted to both appellants, with costs to abide event.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur; EDWARD T. BARTLETT, J., dissents.

Judgment reversed, etc.